UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JABLONSKY, M.D.,<br><br>          Plaintiff,<br><br>v.<br><br>SIERRA KINGS HEALTH CARE DISTRICT, a California public Hospital District dba SIERRA KINGS DISTRICT HOSPITAL; CARROLL FRIEND; KATHLEEN OMACHI, and BARRY WARMERDAM,<br><br>          Defendants. | NO. 1:06-CV-01299-AWI-LJO<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>NO HEARING DATE REQUIRED<br><br>Judge:         Hon. Anthony W. Ishii<br>Magistrate Judge:  Hon. Lawrence J. O'Neill<br>Dept.:         2<br>Complaint Filed:  September 11, 2006 |

**TO ALL PARTIES:**

    IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective undersigned counsel, as follows:

    1.    Any party producing information in this action (whether through oral testimony, interrogatory answers, production of documents and things, answers to requests for admissions or otherwise) may designate the following categories of information protected in the following manner:

        a.    "CONFIDENTIAL INFORMATION" (referred to hereinafter as "CONFIDENTIAL" shall consist of information subject to the provisions of California Evidence Code section 1157.

    Information timely designated and marked as specified below will thereafter be subject to the provisions of this Stipulation and Order.

2. Information shall not be designated as CONFIDENTIAL only if:

a. It is or becomes public knowledge, as shown by publicly available writings, other than through violation of the terms of this Stipulation and Protective Order or other violation of law.

b. It is required by law to be available to the public; or

c. It is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order as set forth in Paragraph 14 below;

d. This court, or another court of competent jurisdiction, orders that it be made public;

e. It does not fall within the categories identified in Paragraph 1 as warranting protection.

3. Information designated as 'CONFIDENTIAL" shall be marked as follows:

a. Any information that is disclosed in writing (e.g., in a document or an interrogatory answer) shall be stamped or otherwise clearly marked CONFIDENTIAL, on each page of the writing on which such information is disclosed.  Stamping or marking of the writing as CONFIDENTIAL shall be done prior to production of the information by the producing party;

b. Any information that is disclosed through any other means of production (e.g., production of tangible things) shall be labeled or otherwise clearly marked CONFIDENTIAL on each thing produced.  Stamping or marking of the thing as CONFIDENTIAL shall be done prior to production of the information by the producing party;

c. Any information that is disclosed by oral testimony (e.g., at a deposition, hearing or trial) shall be designated as CONFIDENTIAL, by making an appropriate statement at the time of the testimony.  Any pages of a transcript containing information that has been designated as CONFIDENTIAL shall be stamped or marked CONFIDENTIAL.

d. The stamp or other marking to designate information as CONFIDENTIAL shall not obscure any portion of the contents of the document(s) so marked.

1      4.      In the event that the producing party inadvertently fails to designate as
2 CONFIDENTIAL any information that is produced and that the producing party reasonably and in
3 good faith believes should be so designated, the producing party may subsequently make such a
4 designation by notifying all counsel in writing within 10 days of discovery of the inadvertent failure
5 to designate.  After receipt of such notification, the party to whom disclosure has been made will
6 treat thereafter the information as if it had been designated CONFIDENTIAL at the time that the
7 information was produced.
8      5.      Any information marked CONFIDENTIAL may be disclosed only to:
9           a.      Parties and counsel of record to this action and necessary clerical and legal
10 support personnel employed by such counsel;
11           b.      Independent experts or independent consultants retained by counsel of record
12 for purposes of this action, subject, however, to the provisions of Paragraph 8 below;
13           c.      In-house or retained legal counsel of a party (including the organized
14 committees and the Governing Board f the Sierra Kings Health Care District) and necessary clerical
15 and legal support personnel employed by such counsel, including the firm of Christensen & Auer
16 and their successors in interest, if any;
17           d.      Employees of a party who have been designated by counsel for the receiving
18 party, subject, however, to the provisions of Paragraph 8, below;
19           e.      The Court and its employees;
20           f.      Court reporters taking or transcribing testimony given at a deposition, hearing
21 or trial;
22           g.      Persons who are identified on the face of a writing containing such information
23 as the authors or recipients of the information;
24           h.      The jurors at any trial of this action, subject to terms and instructions that shall
25 be determined prior to trial and set forth in a supplementary order of protection.
26 / / /
27           i.      Any other persons that the Court designates, in the interests of justice, under
28 such terms as the Court deems proper.

6.     Under no circumstance may information designated as CONFIDENTIAL be disclosed to any person or entity other than those identified above without the prior written consent of the producing party. In the event that information designated as CONFIDENTIAL is disclosed orally (e.g. at a deposition, hearing or trial), the disclosing party shall have the right to exclude from further attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in Paragraph 5 above.

7.     In the event that a party receiving information that the producing party has designated CONFIDENTIAL disagrees with the propriety of that designation, the parties will first try, in good faith, to resolve such dispute on an informal basis. If the parties are unable to resolve their dispute informally, either party may present ex parte the dispute to the Court for judicial resolution, and the Court may then determine whether the information should be designated CONFIDENTIAL. All information whose designation as CONFIDENTIAL is disputed shall be treated as CONFIDENTIAL until such time as the Court determines or the parties agree otherwise.

8.     Information designated as CONFIDENTIAL may not be disclosed to such identified person unless and until such person first executes a declaration in the form attached hereto as Exhibit A and thereby agrees to be bound by the provisions of this Stipulation and Protective Order.

9.     Information designated as CONFIDENTIAL that is included in any legal paper (*i.e.*, a paper intended to be filed with the Court) served in this action, whether appended as an exhibit or incorporated into an affidavit, declaration, memorandum of law or other legal document, shall be subject to the terms of this Stipulation and Protective Order, and such information may be disclosed only to those persons identified in Paragraph 5 above. Those pages of any legal paper, document or thing filed with the clerk of the Court that contain any information designated as CONFIDENTIAL shall be stamped or marked CONFIDENTIAL and shall be filed under seal with a cover sheet bearing the caption of this action and containing the following notice:

> CONFIDENTIAL – SEALED BY ORDER OF THE FEDERAL DISTRICT COURT. FILED PURSUANT TO COURT ORDER – TO BE OPENED BY THE COURT OR AS DIRECTED BY THE COURT.

/ / /

10. All materials containing information that has been designated as CONFIDENTIAL, shall be maintained in accordance with the terms of this Stipulation and Protective Order, and shall not be disclosed except as provided herein.

11. Written materials containing information designated as CONFIDENTIAL may only be copied by the receiving party subject to the following conditions:

    a. All copying of written materials containing information designated as CONFIDENTIAL must be done by:

        I. Counsel for the receiving party;

        ii. Persons employed by such counsel and under such counsel's supervision and control; or

        iii. An outside copying service engaged by counsel, with the originals and all copies made delivered directly to counsel.

    b. The number of copies that may be made of materials containing information designated as CONFIDENTIAL shall be limited to those reasonably necessary for use by counsel and any independent experts of independent consultants retained by counsel.

12. Except as otherwise agreed in writing by the producing party, within thirty (30) days after the conclusion of this action, whether by settlement, trial, appeal or otherwise, and the written request of the producing party (whichever date is latest), all materials containing information designated as CONFIDENTIAL, and all copies thereof, shall be returned by counsel for the receiving party to counsel for the producing party. Alternatively, such material may be destroyed by counsel for the receiving party, in which event, a certification of destruction shall, upon demand by the producing party, be delivered to counsel for the producing party. Notwithstanding the foregoing, counsel may retain one complete set of legal papers containing materials designated as CONFIDENTIAL provided that said set of legal papers is kept in a file clearly marked with the notation:

    **CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

/ / /

13. Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Stipulation and Protective Order by (a) designating that information CONFIDENTIAL and, (b) signing a copy of this Stipulation and Order. Any non-party who invokes the protection of this Stipulation and Protective Order shall also be bound by its obligations.

14. All information designated as CONFIDENTIAL may be used only for purposes of this action and not for any other action (except for actions in which the plaintiff hereto is named as an adverse party to any defendant hereto), or any business purpose whatsoever.

15. This Stipulation and Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after proper notice to the other party.

16. The parties shall submit this Stipulation and Protective Order to the Court to be "so ordered".

17. This Stipulation and Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

18. The parties consent to the continuing jurisdiction of the Court with respect to this Stipulation and Protective Order and any breach thereof, even after the termination of this action. A breach of the provisions of this Stipulation and Protective Order shall subject the party responsible for the breach to sanctions, on notice, opposition, and reply, in the discretion of the Court.

19. The Court may modify this Order *sua sponte* in the interest of justice.

20. This Order is subject to further Court orders based upon public policy and other considerations.

**IT IS SO STIPULATED.**

DATED: December 13, 2006          LAW OFFICE OF WILLIAM A. ROMAINE

                                  By:   s/William Romaine
                                        WILLIAM A. ROMAINE, ESQ.
                                        Attorney for Plaintiff
                                        ROBERT JABLONSKY, M.D.

| | | |
|---|---|---|
| 1 | DATED: December 14, 2006 | DiCARO, COPPO & POPCKE |

                                          By:    s/Carlo Coppo
CARLO COPPO, ESQ.
MICHAEL R. POPCKE, ESQ.
Attorneys for Defendants
SIERRA KINGS HEALTH CARE DISTRICT, dba SIERRA KINGS DISTRICT HOSPITAL; CARROLL FRIEND; KATHLEEN OMACHI; and BARRY WARMERDAM

**EXHIBIT "A" TO PROTECTIVE ORDER**

I, _____, declare:

1. My address is _____
_____

2. I have received a copy of the Stipulation and Protective Order on file in *ROBERT JABLONSKY, M.D., vs. SIERRA KINGS HEALTH CARE DISTRICT, a California public Hospital District dba SIERRA KINGS DISTRICT HOSPITAL; CARROLL FRIEND; KATHLEEN OMACHI, and BARRY WARMERDAM, Case No.* 1:06-CV-01299-AWI-LJO.  I have carefully read and understand the provisions of the Stipulation and Protective Order.

*3.* I will comply with all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation and Protective Order, and will use only for purposes of this lawsuit, any materials designated CONFIDENTIAL which I receive in this action.

4. As a signatory to this exhibit, I hereby submit to the jurisdiction of Magistrate Judge Lawrence J. O'Neill in the United States District Court Eastern District of California for the purposes of *ROBERT JABLONSKY, M.D., vs. SIERRA KINGS HEALTH CARE DISTRICT, a California public Hospital District dba SIERRA KINGS DISTRICT HOSPITAL; CARROLL FRIEND; KATHLEEN OMACHI, and BARRY WARMERDAM, Case No.* 1:06-CV-01299-AWI-LJO, and further agree to the imposition of any fines or sanctions for breach of any terms of the Stipulation and Protective Order.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

EXECUTED this ____ day of _____, at _____, _____.


                                            _____

IT IS SO ORDERED.

**Dated:   December 14, 2006              /s/ Lawrence J. O'Neill**

1  66h44d                                         UNITED STATES MAGISTRATE JUDGE