1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JABLONSKY, MD,<br><br>        Plaintiff,<br><br>    v.<br><br>SIERRA KINGS HEALTH CARE DISTRICT, a California public Hospital District dba SIERRA KINGS DISTRICT HOSPITAL, CARROLL FRIEND, KATHLEEN OMACHI, and BARRY WARMERDAM,<br><br>        Defendants. | CV F 06-1299  AWI LJO<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE<br><br>Documents # 5, and # 11 |

   This is a civil rights action pursuant to 42 U.S.C., section 1983 brought by plaintiff Dr. Robert Jablonsky, MD ("Plaintiff") against defendants Sierra Kings Healthcare District, et al. ("Defendants") for damages resulting from the alleged wrongful revocation of Plaintiff's medical staff privileges. Defendants have moved for dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground the court is required to accord preclusive effect to unreviewed medical staff proceedings that resulted in Plaintiff's revocation of medical privileges.  For the reasons that follow, the court will grant Defendants motion to dismiss and will deny the motion to strike as moot.

**PROCEDURAL HISTORY**

The complaint in this case was filed on September 18, 2006. Defendants' motion to strike Plaintiff's claim for punitive damages against defendant Sierra Kings Healthcare District ("Healthcare District") was filed on December 12, 2006. Defendants' motion to dismiss was filed on December 14, 2006. Plaintiff's opposition to Defendants' motion to dismiss was filed on January 16, 2007. So far as the court can determine, Plaintiff has filed no opposition to Defendants' motion to strike. Defendants filed their reply to Plaintiff's opposition on January 22, 2007. On January 16, 2007, the court vacated the date set for hearing on the motions to dismiss and to strike and took the matter under submission.

**FACTUAL ALLEGATIONS**

**I. Judicial Notice**

Defendants' instant motion to dismiss pursuant to Rule 12(b)(6) relies to a considerable extent not on information contained in the complaint, but rather on information derived from the records of state judicial proceedings and administrative quasi-judicial proceedings that predate this action. The first issue therefore is whether the facts derived from those proceedings may properly be judicially noticed by this court for the purposes of the instant motion to dismiss.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' [Citation.]" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are 'matters of public record' of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. Id. Specifically, a district court may take judicial notice of public records related to legal proceedings in both state courts and in the district court. See Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003) (district court taking judicial notice of related state court proceedings); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1894) (district court takes notice of prior related proceedings in the same court). While a court may take judicial notice of another court's opinion, it may not

generally take judicial notice of the truth of the facts cited therein, or the legal determinations made by the other court. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001); Taylor v. Charter Med. Corp., 162 F.3d 827, 831 (5th Cir. 1998).

The parties' briefing on the ability of the court to take judicial notice specifically of the proceedings before the Judicial Hearing Committee[1] of Defendant Sierra Kings District Hospital ("Hospital") or the decision of Hospital's Appellate Hearing Body is mostly absent.  Although the fact is not specifically set forth in the pleadings, the court presumes that Defendant Sierra Kings Healthcare District is constituted under California's Local Hospital District Law, California Health and Safety Code, sections 32000 et seq.,which basically empowers a district hospital to do everything a private hospital could do.  The practice of licensed physicians in California acute care hospitals is regulated through peer review bodies consisting of medical staff physicians that are overseen by hospital governing boards.  California Business and Professions Code, section 809.  The ability and responsibility of a hospital's governing body to carry out disciplinary action is provided by section 809.05.  The rights of licentiates that are subject to peer review disciplinary proceedings are set forth in sections 809.1 and 809.2.

The decisions of an administrative law judge are official acts subject to judicial notice. Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 fn.5 (9th Cir. 1997).  The court finds that the Hospital Medical Staff peer review process and its attendant procedures, being authorized and

---

[1] The record before the court implicates the activities of a number of bodies in the medical staff peer review process.  Based on the court's review of the materials submitted and relevant California statutes, the court infers the following functions and relationships between the various bodies with respect to the peer review process.  Overall responsibility for the hospital's operation is vested in the Hospital Governing Board.  The hospital's by-laws creates an organized Medical Staff, which includes as members all physicians with privileges at Hospital, and vests authority for the credentialing of physicians, among other functions, in the Medical Executive Committee of the Medical Staff.  Where investigation of physician performance in connection with a proposed disciplinary action is required, the Medical Executive Committee delegates the investigative function to an ad hoc committee of the Medial Staff, referred to in this case as the Judicial Hearing Committee.  Because the statutory scheme for peer review provides for appellate review of the findings and recommendations of the Judicial Hearing Committee, the Hospital Governing Body, or a subset of that body, sits as an appellate review body, here called the Hospital Appellate Hearing Body.  Ultimately, the Hospital Governing Body makes the final determination of revocation of medical staff membership or privileges.

directed by California statute, are administrative procedures within the meaning of Papai. The Judicial Hearing Committee is the body authorized by the bylaws of defendant Hospital to adjudicate issues pertaining to the granting or withholding of hospital privileges. The court finds that the duly recorded proceedings of the Judicial Hearing Committee, the filings of parties pursuant to those proceedings, and the record of the Hospital Governing Board sitting as the Appellate Hearing Body in the proceedings against Plaintiff are suitable for judicial notice. The court therefore takes judicial notice of Defendants' exhibits "A" through "E," inclusive, and exhibits "H", "I", "J", and "M."

## II. Factual Allegations and Judicially Noticed Facts

Plaintiff's complaint alleges that he was a member in good standing of the Medical Staff of Defendant Hospital prior to September 16, 1997. On or about September 16, 1997, the Hospital's Medical Executive Committee made a determination that Plaintiff was no longer qualified for Medical Staff membership, and provided Plaintiff notice of a proposed action to remove Plaintiff from the Medical Staff. Notice of proposed summary removal from the Medical Staff was again provided on December 16, 1997. Plaintiff alleges he has been prevented since September 16, 1997 from exercising Medical Staff privileges at Hospital. Plaintiff alleges the Hospital Governing Board, including the individually named Defendants who sat on the Board, acted under color of state law when they permanently removed Plaintiff from the Hospital's Medical Staff on May 23, 2006. Plaintiff alleges this removal of Medical Staff membership deprived Plaintiff of a property right in violation of procedural due process rights secured by the Fourteenth Amendment. Specifically, Plaintiff alleges he was denied an opportunity to a timely hearing, including the ability to cross examine and confront witnesses, and to call witnesses and present evidence on his own behalf.

Plaintiff's complaint lacks any allegations concerning proceedings that transpired between the initial notice of proposed summary removal of Plaintiff from the Medical Staff on September 16, 1997, and the final adoption of the resolution terminating his Medical Staff

4

membership on May 28, 2006. Because Defendants' motion to dismiss relies primarily on facts related to California state court proceedings and Medical Staff peer review proceedings that transpired between September 16, 1997, and May 28, 2006, the court judicially notices pertinent facts from the aforementioned Defendant exhibits as follows.

According to facts set forth in Plaintiff's appeal before the California Fifth District Court of Appeal from the grant of demurrer on his state court claims, Plaintiff requested a hearing from the Hospital Medical Executive Committee on the notice of suspension on two occasions. First, on November 14, 1997, and again on January 4, 1998, after Hospital issued an "Amended Notice of Summary Suspension and Pending Adverse Action" on December 19, 1997. Hospital denied Plaintiff's requests for hearing and Plaintiff filed his complaint in the state action on April 2, 1999. Among other causes of action, Plaintiff's complaint in the California action alleged violation of due process rights under California and United States Constitutions for failure of Hospital to provide an adequate hearing as required by California Business and Professions Code, section 805, et seq. The superior court granted the defendants' demurrer as to all causes of action primarily on the ground Plaintiff had failed to comply with the California Tort Claims Act in that he had failed to exhaust available administrative remedies. In granting the defendants' motion for demurrer, the superior court noted that although Plaintiff did not have recourse to administrative mandamus because Hospital had not reached a final decision on his case, Plaintiff could nonetheless force Hospital to provide the requested hearing by means of a traditional writ of mandate under California Code of Civil Procedure, section 1085.

Plaintiff instead chose to pursue his complaint in the state action by way of appeal. The Fifth District Court of Appeal affirmed the superior court's grant of demurrer as to all causes of action and affirmed the superior court's observation that, in view of the requirement for exhaustion of remedies, Plaintiff should seek relief by way of writ of mandamus. In so ruling, the appellate court recognized Plaintiff's claim to lack of due process, but recognized also that the superior court lacked jurisdiction to address claims where the administrative remedies had

not been exhausted. The appellate court's opinion was filed on October 9, 2001.

The record before this court reflects no activity as to Plaintiff's claims between October 9, 2001, and the commencement of hearings on June 15, 2004.[2]

Beginning on June 15, 2004, Hospital's Judicial Hearing Committee held a series of hearings on the charges of sub-standard care that were alleged against Plaintiff. A total of eighteen hearings were held between June 15, 2004, and May 20, 2005. Defendants' Exh. "H" at 42, fn. 4. On July 12, 2005, Plaintiff filed a "Petition for Peremptory Writ of Mandate or Prohibition" which alleged that Plaintiff was unreasonably denied a timely hearing pursuant to section 805 and requested that the court order Hospital to reinstate his Medical Staff privileges. On November 28, 2005, Hospital's Medical Executive Committee issued a Document titled "Hearing Committee Report," which summarized the findings of Medical Executive Committee following the Medical Executive Committee's review of information gathered by the Judicial Hearing Committee in the course of the eighteen hearings. The Hearing Committee Report focused primarily on allegations of individual instances of sub-standard care by Plaintiff, and on allegations pertaining to the allegedly poor quality of interaction between Plaintiff and other members of the Medical Staff and other healthcare providers. So far as can be determined, the Hearing Committee Report did not address any allegations of lack of due process except to state there had been compliance with all relevant procedural requirements as set forth in the Medical Staff Bylaws.

On or about March 31, 2006, Plaintiff filed an appeal of the findings of the Medical Executive Committee's Hearing Committee Report to the Hospital Appellate Hearing Committee in accordance with established Medical Staff procedures. Plaintiff's appeal focused "on two

---

[2] The record of the Hospital Appellate Hearing Body indicates in passing that Plaintiff may have filed a motion for writ of mandate in 2002 and that the grant of that writ may have been the impetus of the commencement of the hearing process as early as 2003. Other evidence of Plaintiff's request for a writ of mandate is not before the court. The court presumes for the sake of the present discussion that the first hearing at which Plaintiff had the opportunity to participate occurred on June 15, 2004.

major areas of concern. The first [was] the failure of the [Medical Executive Committee] to follow the procedural requirements of the Bylaws by failing to give [Plaintiff] a timely hearing on his summary suspension and upon the permanent revocation of his membership on the Medical Staff. The second is the failure of the [Hearing Officer] to allow [Plaintiff] to introduce substantial and highly relevant evidence tending to show that the action taken against him was neither reasonable not warranted under the circumstances." Defendants' Exh. "J" at 2:10-16. Significantly, Plaintiff asserted that he was entitled to due process rights under the Fourteenth Amendment in the context of his hearings before the Hospital Hearing Committee. Id. at fn.1.

The Board of Directors of Hospital, acting as the Hospital Appellate Hearing Body, met on April 25, 2006, to hear oral arguments on Plaintiff's appeal. On May 2, 2006, the Hospital Appellate Hearing Body issued a ruling sustaining the findings and recommendations of the Medical Executive Committee's Hearing Report in its entirety. Specifically, the Appellate Hearing Body found:

> "Given all of these circumstances, this Appellate Review Body concludes that the Appellant had a more than fair opportunity to present at length a response to the charges against him, and that he was afforded fair process and due process. Indeed, this Appellate Review Body concludes that Appellant's argument now that there was a lack of due process in the form of an unfair delay in allowing him to meet the charges against him is disingenuous, misleading, and false.

Defendants' Exh. "N" at 5.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

### DISCUSSION

Defendants seek dismissal of Plaintiff's complaint on the ground of claim preclusion. "Title 28 U.S.C. § 1738 requires that we give the same preclusive effect to state court judgments as they would be given in the state in which they were rendered." Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir. 1994). Further, "as a matter of federal common law, federal courts give preclusive effect to the findings of state administrative tribunals in subsequent actions under section 1983." Id. (citing University of Tennessee v. Elliot, 478 U.S. 788, 797-99 (1986)). Under Miller, preclusive effect extends to both "legal as well as factual issues, even if unreviewed, so long as the state proceeding satisfies the requirements of fairness outlined in [United States v. Utah Construction & Mining Co., 384 U.S. 394, 422 ( 1966)]." Miller, 39 F.3d at 1032-1033. The fairness requirements as set forth in Utah are: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." Id. at 1033.

Preclusion prevents the litigation of a claim if the claim to be precluded "relates to the same 'Primary Right' as a claim in the prior action." Mir v. Little Company of Mary Hospital, 844 F.2d 646, 651 (9 Cir. 1988). To determine what primary right is involved in this case, the court looks to Plaintiff's complaint which states, in pertinent part:

> This removal [of Medical Staff membership/privileges] was done without due process of law secured to plaintiff by Amendment XIV of the Constitution of the United States of America in that plaintiff was not given a *timely and/or meaningful* opportunity to be heard concerning the proposed action of the Medical Executive Committee, nor a meaningful opportunity to confront evidence against him or to call witnesses or otherwise introduce evidence on his own behalf in the

8

matter.

Complaint at ¶ 8 (italics added).

A close reading of Plaintiff's complaint reveals a slight ambiguity. To a large extent the primary right complained of is the right to a fair hearing. Plaintiff alleges he did not have a meaningful opportunity to confront evidence and present evidence of his own. He also complains that the passage of time prevented the full presentation of evidence favorable to his case. What is not clear is whether Plaintiff is also claiming injury for the delay in the hearing separate and apart from the fairness of the hearing itself.

In terms of preclusive effect, the only disputed issue properly before the superior court and the Fifth District Court of Appeal was the issue of exhaustion of state remedies; an issue that has no bearing on this case. The proceedings of the state superior and appellate courts are therefore not relevant to Defendants' motion. The very narrow threshold question now before this court is what, if any, issues pertaining to the primary rights related to Plaintiff's complaint were decided by either the Judicial Hearing Committee or the Hospital Appellate Hearing Body.

The proceedings of the Judicial Hearing Committee reflect concern only for issues that relate directly to the substantive allegations of sub-standard performance against Plaintiff. So far as the court can discern, the Judicial Hearing Committee did not concern itself with any facts or issues of law pertaining to the fairness of its own proceedings.

The issue of the fairness of the proceedings appears to have been raised for the first time in the context of Plaintiff's appeal of the Judicial Hearing Committee's recommended action to the Hospital Appellate Hearing Body. As noted above, Plaintiff raised both the issues of timeliness of the proceedings and substantiality of the proceedings in his brief to the Appellate Hearing Body.

The court has reviewed carefully the record of proceedings before the Hospital Appellate Hearing Body and has reviewed that body's report. The court finds the Hospital Appellate Hearing Body did give careful consideration to Plaintiff's claims that he was not allowed to call

9

material witnesses or to present relevant information.  The Hospital Appellate Hearing Body also addressed claims related to the delay of the hearings *to the extent* that such delays were alleged to have caused unfairness in the proceedings because memories faded or because material witnesses became unavailable.  What the Hospital Appellate Hearing Body did not deal with is any allegation that the delay in the hearings were a source of constitutional injury to Plaintiff separate and apart from any prejudicial effect the delay may have had on the fairness of the hearings themselves.

An examination of Defendants' exhibits pertaining to the proceedings before the Hospital Appellate Hearing Body and its final report provide evidence that the Hospital Appellate Hearing Body functioned as a judicial body during the hearings.  The hearing body also addressed the issues of fairness, due process and delay of hearings to the extent that delay might have impacted the fairness of the proceedings.  The record also supports a finding that the parties, having had the opportunity to brief the issues and make oral arguments, had the opportunity to fairly litigate the issues before the appellate board.  The court therefore finds that the Hospital's Appellate Hearing Body proceedings met the fairness requirements set forth in Utah.

Because the fairness requirements of Utah were met, Miller apples in this case to preclude this court's consideration of Plaintiff's complaint to the extent the complaint challenges the fairness of the Judicial Hearing Committee's proceedings and the validity of Hospital Governing Board's decision to finally revoke Plaintiff's membership in the Medial Staff.  Plaintiff's claim that he was denied due process is also precluded by Miller to the extent Plaintiff claims any delay in the hearings caused underlying unfairness in the hearings because information that might have been helpful to Plaintiff was lost to time.

The court has also examined Plaintiff's complaint and finds that, to the extent it may have been Plaintiff's intent to plead a claim for relief for delay of the hearings separate and apart from any prejudicial effect that delay may have had on the fairness of the hearings, such a freestanding claim of due process violation is not pled with sufficient particularity to satisfy the

notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The court will therefore grant Defendants' motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(6).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002). Because the court has not determined that amendment would be futile, Plaintiff's complaint will be dismissed with leave to amend. By granting leave to amend, the court expresses no opinion whatsoever as to the validity of any legal basis for a free-standing claim of constitutional depravation on the basis of delay of hearing. Such questions are not before the court at this time.

Therefore, in consideration of the foregoing, it is hereby ORDERED that Defendants' motion to dismiss is GRANTED. Plaintiffs' Complaint is Dismissed in its entirety with leave to amend. Defendants' motion to strike is correspondingly DENIED as moot.

IT IS SO ORDERED.

Dated:     February 28, 2007                    /s/ Anthony W. Ishii
0m8i78                                          UNITED STATES DISTRICT JUDGE

11