1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| ROBERT JABLONSKY, MD, | ) | CV F 06-1299 AWI LJO |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT |
| SIERRA KINGS HEALTH CARE DISTRICT, a California public Hospital District dba SIERRA KINGS DISTRICT HOSPITAL, CARROLL FRIEND, KATHLEEN OMACHI, and BARRY WARMERDAM, | ) ) ) ) ) ) | |
| Defendants. | ) | Document # 25 |

   This is a civil rights action pursuant to 42 U.S.C., section 1983 brought by plaintiff Dr. Robert Jablonsky, MD ("Plaintiff") against defendants Sierra Kings Healthcare District, et al. ("Defendants") for damages resulting from the alleged wrongful revocation of Plaintiff's medical staff privileges.  The court previously granted Defendants' motion to dismiss Plaintiff's original complaint on the ground Plaintiff's action was precluded by the outcome of proceedings before the medical staff and governing body of defendant Sierra-Kings Health Care District.  In the instant motion, Defendants seek to dismiss Plaintiff's first amended complaint on the ground the issues raised in the complaint are precluded because they could have been, but were not, adjudicated by the medical staff and governing body of Sierra-Kings Health Care District.

**PROCEDURAL HISTORY**

The original complaint in this case was filed on September 18, 2006. On March 2, 2007, the court granted Defendants' motion to dismiss the complaint in its entirety and granted leave to amend. Plaintiff's First Amended Complaint ("FAC") was filed on March 5, 2007. The instant motion to dismiss was filed on March 30, 2007. Plaintiff's opposition was filed on June 15, 2007, and Defendants' reply was filed on June 18, 2007. Pursuant to the stipulated agreement of the parties, the court ordered the dismissal of individual defendants Barry Warmerdam, Kathleen Omachi, and Carroll Friend (hereinafter, the "individual Defendants") on July 2, 2007. At present, the only defendant in this action is the institutional defendant, Sierra Kings Health Care District, dba Sierra Kings District Hospital (hereinafter "Defendant").

**FACTUAL ALLEGATIONS**

The court's order of March 2, 2007, granting Defendants' motion to dismiss set forth a number of facts established by the records of prior proceedings of the Medical Staff Judicial Hearing Committee ("Medical Staff") and the Hospital Governing Board, sitting as the Hospital Appellate Hearing Body ("Hospital Governing Board") (collectively, the "hospital peer review proceedings") that were judicially noticed by the court. Those facts are incorporated here by reference. The crux of Plaintiff's FAC is his allegation that:

> [T]he Medical Executive Committee unlawfully failed to commence a hearing within sixty days of November 14, 1997, the date [P]laintiff demanded in writing a hearing on the Medical Executive Committee's Decision to deny [P]laintiff the right to practice medicine in the Sierra Kings District Hospital and did not commence that hearing until June 15, 2004, and further unlawfully failed to conclude said hearing within a reasonable time and did not produce a final adjudication of the Medical Executive Committee's action until May 23, 2006. Therefore, [P]laintiff was denied the right [. . .] from and after January 13, 1998, to and until May 2, 2006, to practice the profession of medicine on his patients in the Sierra Kings District Hospital and to use their facilities to practice the profession of medicine on his patients.

Doc. # 19 at ¶5.

The FAC also alleges the individual Defendants, acting as the Board of Governors of Sierra Kings Hospital District acted unlawfully when they "adopted the proposed action of the

2

defendant Medical Executive Committee to permanently remove [P]laintiff from the Medical Staff of its Sierra Kings District Hospital." Doc. # 19 at ¶ 6. The FAC alleges the action of the Board of Governors was unlawful because "[P]laintiff was not given a hearing within the time specified by the laws of the State of California, nor within such other time as would comport with the requirements of due process." FAC at ¶ 8.

## LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

## DISCUSSION

Defendant points out that, pursuant to Migra v. Warren City Sch. Dist. Bd. Educ., 465 U.S. 75 (1984), the preclusive effect of state court opinions applies equally to those issues that could have been litigated in the state court, but were not, as well as to those issues that were actually litigated in the state court. Id. at 84. Essentially, Migra stands for the proposition that federal courts in California "look to California law to determine the claim-preclusive effect" that

3

a judgment entered by a California tribunal would have on the present action. <u>Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.</u>, 783 F.2d 848, 850 (9th Dist. 1986).

> Under California law, "[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." [Citations.] To determine the scope of causes of action, California courts employ the "primary right theory." Under this theory, "the violation of one primary right gives rise to a single cause of action." [Citation.] [¶ . . . .¶] In determining the primary right at stake "the significant factor is the harm suffered." [Citation.]

<u>Takahashi</u>, 783 F.2d at 851. Issues presented in federal claims in section 1983 suits do not constitute an exception to this rule and are precluded if they could have been raised in a prior state court action, but were not. <u>Migra</u>, 465 U.S. at 84.

Thus under California law, Plaintiff's present claim is precluded if it asserts a violation of the same primary right that Plaintiff claimed was violated in his appeal before the Hospital Governing Body. In its May 2 Order the court observed that , "[t]o a large extent the primary right complained of [in Plaintiff's original complaint] is the right to a fair hearing. Plaintiff alleges he did not have a meaningful opportunity to confront evidence and present evidence of his own. He also complains that the passage of time prevented the full presentation of evidence favorable to his case." Doc. # 18 at 8:3-5.

The primary right at issue both before the Hospital Governing Body and in Plaintiff's original complaint is the Fourteenth Amendment right to not be deprived of a property interest; in this case Plaintiff's medical staff privileges, without due process of law. More specifically, the issue presented in Plaintiff's original complaint was the issue of whether the process afforded was insufficient because delays in requested hearings rendered the factual findings of the Hospital Hearing Committee unreliable due to the effects of the passage of time on the memories and availability of percipient witnesses, and similar concerns. This court found that Plaintiff's claim was precluded because the issue presented by Plaintiff's original complaint - whether the decision to revoke Plaintiff's medical staff privileges was factually adequately supported - was decided by the Hospital Governing Body acting as the appellate board, thereby precluding Plaintiff from re-

litigating the same issue in this court.

By granting leave to amend, this court left open the *possibility* that Plaintiff could state what the court termed a "free standing" claim for constitutional due process violation based solely on the *delay* of the peer review proceedings. The court's grant of leave to amend was prompted primarily by the observation that the time interval between the initial suspension of Plaintiff's medical staff privileges and the time the process described in the hospital by-law had run its course was on the order of three years or more.

The subject of the Hospital's peer review process - the fitness of Plaintiff to continue to provide care as a member of the Medical Staff - is distinct from the procedure that was used to adjudicate that subject. See Clevland Bd. Of Educ. v. Laudermill, 470 U.S. 532, 541 (1985) ("certain substantive rights - life, liberty , and property - cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct."). While it is not this court's intention to indicate, or even suggest, that the delays Petitioner experienced in this case amount to a constitutional violation, the court notes that the Supreme Court has held that "there 'is a point at which an unjustified delay in completing a post-depravation proceeding "would become a constitutional violation."' [Citation.]" City of Los Angeles v. David, 538 U.S. 715, 717 (2003). By granting leave to amend, the court intended to afford Plaintiff a chance to explore the possibility that he might be able to clarify his section 1983 claim to state a constitutional injury based on the delay between the time he requested a hearing on the recommendation to revoke his staff privileges, and the time the hearing was finally provided.

In the instant motion, Defendant seeks to dismiss the FAC on the ground that claim preclusion, which barred Plaintiff's claim that he was denied a fair hearing due to the passage of time before the hearing was held, also works pursuant to Migra to preclude any claim of constitutional injury due to the delay in the hearing separate and apart from the fairness of the hearing that was eventually provided. The sole factual basis for Defendant's argument is that

Plaintiff could have presented his claim for constitutional injury to the hearing body but did not. Defendant contends that, because Plaintiff could have presented his claim for delay but did not, he is precluded under Migra from raising the claim in his section 1983 claim in this court.

The court begins by noting that Defendant's argument is presented without substantial reference to the FAC.  Rather, Defendant presents its argument as a single, narrow, essentially abstract point of law: did Plaintiff have the opportunity to present his claim of constitutional injury for delay of hearing to a hearing body that could have heard and decided the issue? Because Defendant has presented the issue in this narrow way, the court begins by noting what is not at issue and, consequently, what will not be decided by the court.  What the court does not decide in this opinion is whether it is possible for Plaintiff to state a due process claim for constitutional injury based solely on delay on he facts of this case; whether the FAC does, in fact, state such a claim; and, if such a claim can be and has been stated, what remedies might be available to Plaintiff.  In addition, the court makes no representation as to any claims Plaintiff may, or may not have, based on non-constitutional causes of action under California state law.

The issue presented by Defendant's motion to dismiss resolves into one simple question; could Plaintiff have presented his claim for constitutional injury based on delay of the peer review proceedings within the peer review proceedings themselves or to the superior court as part of a petition for administrative mandamus?  Defendant contends Plaintiff could have presented a claim for delay apart from prejudice on at least five occasions before the various hospital hearing bodies and before the superior court.  This court disagrees.

**I. Proceedings Before the Hospital Medical Staff and Hospital Governing Body**

"In [California] Business and Professions Code section[1] 809 et seq., the Legislature set forth a comprehensive procedure governing adverse action by a hospital against a staff physician. [Citation.] This procedure is mandatory for acute care hospitals and must be incorporated into

---

[1] Section numbers hereinafter refer to section of the California Business and Professions Code unless otherwise specified.

their bylaws. [Citation.]" <u>Salolbei v. Providence Healthcare, Inc.</u>, 112 Cal.App.4th 1137, 1147 (4th Dist. 2004). At its core, the process of review of physician performance in acute care hospitals is committed to the physician members of the hospital, organized as a medical staff. Section 809.05; <u>Salolbei</u>, 112 Cal.App.4th at 1143 n.1 ("A hospital's medical staff is a separate legal entity, an unincorporated association, which is required to be self-governing and independently responsible from the hospital for its own duties and for policing its member physicians."). While the provisions of section 809 et seq. set forth in considerable detail the procedural requirements of the disciplinary process, the medical staff and governing body are required to "act exclusively in the interest of maintaining and enhancing quality patient care." Section 809.05(d).

> The procedure set forth in section 809.1 et seq. only applies to final proposed actions "for which a report is required to be filed under Section 805 . . . ." (§ 809.1, subd. (a).) Section 805 requires that a report be filed with the state agency having jurisdiction over a practitioner whose staff privileges are terminated "for a medical disciplinary cause or reason." (§ 805, subd. (b)(2).) "Medical disciplinary cause or reason"means conduct "reasonably likely to be detrimental to patient safety or the delivery of patient care." (§ 805, subd. (a)(6).)

The focus of proceedings pursuant to section 809 et seq. on issues pertaining to patient care, and the commitment of those proceedings to the organized medical staff to establish findings of fact, logically implies a limitation of the scope of issues that can be addressed.

<u>Sahlolbei</u>, 112 Cal.App.4th at 1151.

Clearly, medical staff peer review is properly the province of hospitals and their organized physician medical staff committees because physicians are uniquely qualified to assess the issues to be decided; that is, patient care and safety. It is equally clear that the scope of the peer review process ends where physician expertise is not involved in the resolution of the issues. Stated another way, while Plaintiff could have raised any issue or claim pertaining to the medical staff's assessment of his quality of patient care within the hospital peer review process, he could not submit to the peer review process issues that are not "for a medical disciplinary cause or reason;" that is, not for conduct that is not likely to be detrimental to patient safety or to the delivery of

medical care.  The issue of whether a delay of a certain number of years in the provision of pre- or post-depravation hearing required by the hospital's peer review process constitutes a constitutional injury is a non-medical issue because it is not aimed at patient care.

      Defendant contends that the issue of whether Plaintiff suffered a due process violation because he was unable to adequately refute or present facts pertaining to the quality of care he provided, and the issue of whether Plaintiff suffered a due process violation because of delay are factually intertwined.  This is simply not the case.  The proceedings before the hospital medical staff committee and the hospital governing board focused on Plaintiff's fitness to practice medicine and required extensive factual inquiries into instances of Plaintiff's interactions with patients, staff and other physicians.  By contrast, Plaintiff's claim of constitutional injury from delay of the proceedings, assuming *arguendo* that such a claim can be and has been stated, is dependant only on the factual consideration of the length of the delay in providing due process and which party was primarily responsible for the delay(s).  The issue of fitness to practice was resolved primarily the analysis of factual information contained in medical records and documents related to patient care; little or no legal analysis was required.  By contrast, the issue of constitutional injury due to delay of the process used to adjudicate the issue of fitness to practice must be resolved by consideration of a different set of facts and by application of those facts to a much more specialized legal analysis.

      The court concludes that the procedures mandated by section 809 et seq. empower hospital medical staff physicians and hospital governing bodies to do what they are uniquely equipped to do; that is, decide issues of quality of medical care.  Conversely, the court concludes section 809 et seq. does not empower hospital medical staff physicians and hospital governing bodies to decide what they are not qualified to decide; that is, to decide the constitutional adequacy of the peer review process itself, either as designed or as implemented.  Since Petitioner's claim of constitutional infringement of due process rights caused by delay of hearing falls in the latter category, the court concludes Plaintiff could not have presented his claim to be decided by the

hospital medical staff or by the hospital governing body.  Any claim that Petitioner might be able to make that states a claim for constitutional injury on the basis of delay, separate and apart from the fairness of the proceedings themselves in reaching a conclusion, is therefore not precluded under Migra or related cases.

**II. Proceedings Before the Superior Court or State Court of Appeals**

Defendant contends Plaintiff had a fifth opportunity to raise a claim for constitutional injury resulting from delay by raising the issue in a petition for writ of administrative mandamus pursuant to California Code of Civil Procedure, section 1094.6 within ninety days of the Hospital Appellate Hearing Body's May 2, 2006, decision.  The problem with Defendant's argument is that the scope of what the superior court could address in a writ of administrative mandamus is confined.  Subdivision (b) of section 1094.5 of the California Code of Civil Procedure provides that the inquiry pursuant to a petition for administrative mandamus "shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."

In light of the foregoing, this court concludes the superior court, pursuant to a writ of administrative mandamus, could have reviewed no more than the peer review process could have decided, except to make a determination that some portion of the hospital's decision was undertaken without jurisdiction.  Since the court has concluded the process authorized by section 809 et seq. places the question of the constitutional soundness of its proceeding outside the scope of the jurisdiction of the Medical Staff or Hospital Governing Body, it follows that Plaintiff would not have been able to raise the issue in a petition for administrative mandamus.

Defendant asserts that Plaintiff could have presented his claim for damages on the basis of delay because "such claims are presented to and considered by boards of public entities all the time pursuant [to] California Government Code § 910 et seq."  Doc. # 25 at 7:22-23.  Government

Code § 910 does not confer jurisdiction, it merely states the elements of a complaint and the mechanics of presenting and processing a claim. As discussed above, the scope of jurisdiction of the peer review process is delineated by Section 809.05(d) which commits hospital peer review processes to "maintaining and enhancing quality patient care." Whether a physician suffers a constitutional injury from delay in the peer review process, separate and apart from any prejudice might have on the decision to revoke medical staff privileges, is beyond the scope of peer review jurisdiction.

Defendant also suggests that Plaintiff's claim should be precluded because the hospital peer review process could have made a factual determination of delay which would Plaintiff could have used offensively in a subsequent 1983 action. Whether the peer review process could have made factual findings regarding delay is not relevant. Defendant is seeking to invoke claim preclusion, and claim preclusion can only be invoked where the adjudicator has jurisdiction to determine the issue. Miller v. County of Santa Cruz, 39 F.3d 1030, 1038 (9 Cir. 1994). Having determined that the issue of whether a delay in a post-depravation hearing constitutes a constitutional injury lies outside the jurisdiction of a hospital's peer review process, the court must necessarily find the decision of the peer review process has no preclusive effect on a claim that the peer review process, as conducted, amounts to a constitutional due process injury.

The court concludes by again emphasizing that it answers in this memorandum opinion a very narrow question: does the doctrine of claim preclusion prevent Plaintiff from bringing a claim in federal court under section 1983 that alleges a due process violation for delay of proceedings pursuant to section 809 et seq. of the California Business and Professions Code where the claim was not presented in the course of the section 809 peer review proceedings? The Court answers the question in the negative. Plaintiff's claim, assuming that such a claim can be and has been adequately stated, is not prevented by the doctrine of claim preclusion. Any issues regarding the adequacy of the complaint in stating a claim are not addressed by this memorandum opinion.

In view of the above, the court will deny Defendant's motion to dismiss. The motion to dismiss will be denied as moot as to the individual Defendant parties.

THEREFORE, it is hereby ordered that Defendant's motion to dismiss the First Amended Complaint as to defendant Sierra-Kings Health Care District is DENIED. Defendant's motion to dismiss the First Amended Complaint as to the Individual Defendants is DENIED as moot.

IT IS SO ORDERED.

**Dated:  July 27, 2007**                           /s/ **Anthony W. Ishii**
                                               UNITED STATES DISTRICT JUDGE

11