1

2

3

4

5

6

7      **IN THE UNITED STATES DISTRICT COURT FOR THE**

8      **EASTERN DISTRICT OF CALIFORNIA**

9

10    **ROBERT JABLONSKY, MD,**          )     **CV F 06-1299  AWI LJO**
                                          )
11              **Plaintiff**,            )
                                          )     **ORDER DISMISSING ACTION**
12      **v.**                            )     **FOLLOWING NON-**
                                          )     **RESPONSE TO COURT'S**
13    **SIERRA KINGS HEALTH CARE**        )     **ORDER TO SHOW CAUSE**
      **DISTRICT, a California public Hospital  )**
14    **District dba SIERRA KINGS DISTRICT )**
      **HOSPITAL, CARROLL FRIEND,**       )
15    **KATHLEEN OMACHI, and BARRY**      )     Doc. # 67
      **WARMERDAM,**                      )
16                                        )
                **Defendants.**           )
17    _____ )

18

19

20          On September 24, 2009, the court issued an order to show cause why Plaintiff's civil

21    rights action pursuant to 42 U.S.C. § 1983 should not be dismissed for failure to state a claim

22    upon which relief can be granted.  Plaintiff was ordered to respond to the order to show cause not

23    later than October 16, 2009.  As of this date no further filings have been made by Plaintiff in this

24    action.

25          In its order to show cause, the court clearly indicated it's opinion that Plaintiff's First

26    Amended Complaint ("FAC") failed to allege sufficient grounds for relief in that it failed to

27    allege facts or law to show that Defendants' procedures immediately prior to Plaintiff's removal

28    from the medical staff at Sierra Kings District Hospital were constitutionally deficient.  Likewise,

1   the court noted Defendants' motion for summary judgment was procedurally improper because

2   the motion presumed the existence of a constitutional dimension to Plaintiff's complaint where

3   none had been shown.  The court has reviewed its order of September 24, 2009, and notes that

4   the intent of the court was to give Plaintiff the option of showing legal cause why the facts pled

5   in the FAC were sufficient to state a claim for constitutional depravation or to request leave to

6   file a complaint alleging sufficient facts to set forth such a claim.

7          Plaintiff's non-response to the court's order to show cause gives rise to the question of

8   how the court should proceed to reach resolution in this action; that is, whether the action should

9   be dismissed for failure to prosecute or to follow an order of the court.  The court notes that

10  Plaintiff has the right to stand on the FAC as pled and therefore is not inclined to interpret

11  Plaintiff's non-response as disobedience of the court's order.  See Yourish v. California

12  Amplifier, 191 F.3d 983, 987 fn.4 (9 Cir. 1999) (noting problematic nature of tendency of district

13  courts to dismiss for failure to follow order where plaintiff declines to file amended pleading).

14  Similarly, the court is not inclined to find there was a failure to prosecute the action since, strictly

15  speaking, it was up to the court to take action following the 21-day period allowed for the filing

16  of an amended complaint or additional argument.  The court will, instead deal with Plaintiff's

17  FAC on its merits.

18         "A district court may dismiss an action on its own motion for failure to state a claim but

19  only after the court takes the proper procedural steps."  Franklin v. State of Oregon State Wefare

20  Division, 662 F.2d 1337, 1340 - 1341 (9th cir. 1981).  Pertinent to the facts of this case, "the

21  court must notify the plaintiff of the proposed action and afford him an opportunity to submit

22  written argument in opposition.   In addition , the court must give a statement of the reasons [for

23  dismissal], and an opportunity to amend unless the complaint is clearly deficient."  Id. at 1341.

24  The court's September 29 Order to Show Cause provided warning of the court's then-tentative

25  opinion that Plaintiff's FAC failed to state a claim for relief because it failed to identify a

26  constitutional dimension to harms plaintiff claims to have suffered as a result of the delays in

27

28                                              2

1  proceedings.  Likewise the court provided Plaintiff with the opportunity to move for amendment

2  or to seek stipulation to amend.

3        The court concludes that dismissal of Plaintiff's FAC for failure to state a claim upon

4  which relief can be granted is proper.  In dismissing Plaintiff's FAC, the court incorporates by

5  reference the legal bases and conclusions set forth in its Order to Show Cause of September 29,

6  2009.  Plaintiff's FAC will be dismissed because it fails to allege facts or law sufficient to allege

7  constitutional harm.  The court finds that dismissal with prejudice is appropriate in light of

8  Plaintiff's decision to decline further amendment of his pleadings.

9

10       THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that

11  Plaintiff's First Amended Complaint is hereby DISMISSED in its entirety with prejudice.  The

12  clerk of the court shall CLOSE the CASE.

13

14  IT IS SO ORDERED.

15  **Dated:    June 4, 2010**                                    **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28                                              3